UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TC LOGISTICS, INC.,

       Plaintiff,

File No. 1:07-CV-309

v.

HON. ROBERT HOLMES BELL

TRUCKING START-UP SERVICES,
L.L.C.,

       Defendant.
                                /

## **O P I N I O N**

This matter is before the Court on Defendant Trucking Start-Up Services L.L.C.'s motion to dismiss under Federal Rule of Civil Procedure 12(b) for insufficient service of process, lack of personal jurisdiction, and improper venue. (Dkt. No. 9.) Defendant contends service of process was insufficient because the summons and complaint were sent via certified mail as opposed to being personally served. Defendant contends that the Court lacks personal jurisdiction over Defendant because Defendant is based in Georgia and only operates through a website. Defendant contends that venue is improper because Defendant is based in Georgia. Plaintiff contends the service of process was sufficient, that the Court has personal jurisdiction, and that venue is proper.[1] For the reasons that follow, Defendant's

---

[1] The Court has limited its consideration of this motion to Plaintiff's motion and brief in support, Defendant's response, and the exhibits supporting those documents. (Dkt. Nos.
(continued...)

motion to dismiss will be denied.

I.

Plaintiff TC Logistics Inc. is a Michigan corporation based in Traverse City, Michigan. Plaintiff operates the website getmyauthority.com. Through getmyauthority.com Plaintiff assists individuals and independent trucking companies obtain a variety of permits necessary to operate a trucking company. Plaintiff offers both individual permits as well as packages. On October 20, 2006, Plaintiff registered a copyright for the content of the getmyauthority.com website.

Defendant Trucking Start-Up Services L.L.C. is a Georgia limited liability company based in Cumming, Georgia. Plaintiff alleges that Defendant operates truckingstartupservice.com, mcnumberfast.com, and authorityusdot.com ("Defendant's websites"). Plaintiff alleges that Defendant's websites infringed on Plaintiff's copyrighted content at getmyauthority.com in violation of 17 U.S.C. § 106. Plaintiff filed this suit seeking a finding of infringement, injunctive relief, and damages.

---

[1](...continued)
9, 10, 11, 13, 14.)  The Court has not considered the issues raised in Plaintiff's untimely reply, Defendant's unauthorized response to the reply, and the exhibits supporting those documents. Local Civil Rule 7.2(c) provides that the moving party may file a reply to the non-moving party's response within fourteen days of the non-moving party's response. W.D. Mich. LCivR 7.2(c). Plaintiff filed its reply thirty-nine days after Plaintiff filed its response, thus Defendant's reply was untimely. The Local Civil Rules do not provide for the non-moving party to file a response to the moving party's reply absent the Court's prior approval. W.D. Mich. LCivR 7.2(c) ("The Court may permit or require further briefing."). Plaintiff did not seek leave to file a second response, so Plaintiff's second response is unauthorized.

As to personal jurisdiction, Plaintiff alleges that Defendant's websites are interactive and allow Michigan residents and others to purchase permits necessary to offer trucking services in Michigan. (Dkt. No. 14, Pl. Resp. ¶ 3.) Plaintiff alleges that Defendant's websites provide the following services to trucking companies operating in Michigan: Michigan fuel permits, Michigan trip permits, and incorporation in Michigan. (Pl. Resp. ¶ 2; Dkt. 14, Pl. Br. in Supp. of Resp., Ex. 3.) In addition to the incorporation and various permitting services, Plaintiff alleges that Defendant's websites offer a listing of truck drivers available for hire that includes drivers based in Michigan. (*Id.*)

## II.

Defendant moves to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), and *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). Rule 4(c)(1) requires a plaintiff to serve a copy of the summons and complaint on the defendant within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1).

Defendant contends that Plaintiff's service of process was insufficient because Plaintiff mailed the summons and complaint to Defendant via certified mail. Defendant further contends that Plaintiff did not seek to obtain a waiver of service of process. Plaintiff

contends that service was sufficient because it substantially complied with the requirements of Rule 4.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (stating that service of process may be sufficient if the party substantially complied with Rule 4); *see also Gottfried v. Frankel*, 818 F.2d 485, 492 (6th Cir. 1987) (holding that Rule 4 is "flexible" and that the failure to include a summons did not render service of process insufficient).  The Court need not reach the question of substantial compliance as service was effectuated in conformance with Rule 4(e)(1).  Fed. R. Civ. P. 4(h)(1)(A) (permitting service on a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual).

Rule 4(e)(1) permits service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"[2]  Fed. R. Civ. P. 4(e)(1).  The Michigan Court Rule 2.105(A)(2) provides that

> [p]rocess may be served on a resident or nonresident individual by . . . sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(2).  Plaintiff sent a copy of the summons and complaint to Defendant's registered agent, Eva Clair Bowles, by certified mail, return receipt requested, on April 5,

---

[2]The quoted language reflects Rule 4(e)(1) as amended on December 1, 2007.  The disputed service of process took place before December 1, 2007; however, the amendments to Rule 4(e)(1) were "stylistic only" so the Court has referenced the current version of Rule 4(e)(1).  Fed. R. Civ. P. 4, Advisory Comm. Notes, 2007 Amendment.

2007. (Dkt. No. 5, Addendum to Proof of Serv. 1.) Bowles signed the return receipt on April 9, 2007. (Addendum to Proof of Serv., Att. 1, Return Receipt.) Defendant filed an affidavit from Bowles in support of Defendant's motion and the address listed on the return receipt corresponds to the address Bowles listed as Defendant's address in her affidavit. (Dkt. No. 11, Bowles Aff. ¶ 3.) Thus, service of process was effected in conformance with Rule 4(e)(1).

### III.

Defendant moves to dismiss for lack of personal jurisdiction pursuant Rule 12(b)(2). Defendant contends that this Court lacks personal jurisdiction over it because Defendant is a Georgia company and Defendant does not do business in Michigan. In a federal question case, this Court may exercise personal jurisdiction to the same extent as a Michigan court of general jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). A federal court must analyze jurisdiction in a two-step process. First, the court must determine if state law, here Michigan law, grants the court authority to exercise personal jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). Second, the court must determine if the exercise of personal jurisdiction over the defendant satisfies the Fourteenth Amendment's Due Process Clause. *Id.* "The plaintiff bears the burden of making a prima facie showing of the court's personal jurisdiction over the defendant." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000), and

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  The Court has determined that this motion to dismiss for lack of personal jurisdiction can be decided based upon the written submissions, without an evidentiary hearing.  Therefore, the Court "'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'"  *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

A.  **Statutory Jurisdiction under Michigan law**

Michigan law permits the exercise of both general and limited personal jurisdiction over corporations.  M.C.L. § 600.711 (general personal jurisdiction over corporations); M.C.L. § 600.715 (limited personal jurisdiction over corporations).  Plaintiff contends that the Court has limited personal jurisdiction over Defendant.  (Pl. Resp. 2; Pl. Br. in Supp. of Resp. 5.)  Michigan Compiled Laws § 600.715(1) extends personal jurisdiction over a nonresident corporation in claims "arising out of the act or acts which create . . . the . . . transaction of any business within the state."  M.C.L. § 600.715(1).  "'The 'transaction of any business' necessary for limited personal jurisdiction under § 600.715(1) is established by the slightest act of business in Michigan.'"  *Neogen Corp.*, 282 F.3d at 888 (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988)).

Defendant contends that it does not transact any business in Michigan and directs the Court to *Campbell v. Bridgeview Marina*, 347 F. Supp. 2d 458 (E.D. Mich. 2004).  The defendant in *Campbell* was a Canadian marina.  *Id.* at 460.  The plaintiff in *Campbell*

contended that the marina had transacted business in Michigan because a "significant number" of the boats were owned by Michigan residents. *Id.* at 461. The court in *Campbell* rejected this contention reasoning that ownership of the boats by Michigan residents did not show that the marina had conducted any business within Michigan. *Id.* Defendant contends that its activities are analogous to that of the marina in *Campbell*. Contrary to Defendant's contention, exactly what was lacking in *Campbell* is present in this case. Accepting *arguendo* Defendant's contention that the purchase of the Michigan fuel and trips permits takes place in Georgia, Defendant obtained the permits from Michigan's state government and the purchasers of those permits operate in Michigan. Also, in incorporating a trucking company in Michigan Defendant would be transacting business in Michigan. Plaintiff has made a prima facie case that Defendant acted to create transactions in Michigan when it offered Michigan fuel permits, Michigan trip permits, and incorporation in Michigan. *See Domino's Pizza PMC v. Caribbean Rhino*, 453 F. Supp. 2d 998, 1002 (E.D. Mich. 2006) ("[T]he Sixth Circuit has recognized that the operation of a website that allows residents of a state to purchase goods online, constitutes transacting business within the state for purposes of personal jurisdiction." (citing *Neogen Corp.*, 282 F.3d at 890))).

The "arising out of" requirement is met because the alleged copyright infringement was on the webpages that offered the Michigan fuel permits, Michigan trip permits, and incorporation in Michigan. As the Court has determined that Michigan law grants the Court authority to exercise personal jurisdiction over Defendant, the Court must next determine

whether the exercise of personal jurisdiction over Defendant satisfies the Fourteenth Amendment's Due Process Clause

### B. Due Process

In order to subject a nonresident defendant to personal jurisdiction "due process requires only that . . . he have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit established a three part test for determining whether the exercise of limited personal jurisdiction comports with due process.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co.*, 401 F.2d at 381).

#### 1. Purposeful Availment

"The purposeful availment requirement serves to protect a defendant from being haled into a jurisdiction by virtue of 'random,' 'fortuitous,' or 'attenuated' contacts." *Intera Corp.*, 428 F.3d at 616 (citing *Calphalon Corp.*, 228 F.3d at 722). "A defendant

purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp.*, 282 F.3d at 890 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). However, the fact that Defendant's websites are accessible in Michigan, "in and of itself, does not constitute the purposeful availment of the privilege of acting in Michigan." *Id.*

Accepting Plaintiff's allegations as true, Defendant offered fuel permits, trip permits, and incorporation services specific to Michigan. These permits were not merely permits that would permit a trucking company to operate in a variety of states, which happened to include Michigan. Rather, Defendant's websites market these permits as specific to the operation of a trucking company in Michigan. The only purpose of these activities would be to interact with Michigan residents or with trucking companies that operate in Michigan. Moreover, Defendant's websites offer to incorporate a trucking company in Michigan. The incorporation of a trucking company under Michigan law would create a legal person under Michigan law which represents a specific intent to benefit from Michigan's laws. Also, as all three of these services are specific to Michigan they make clear that Defendant "holds itself out as welcoming Michigan business." *Id.* at 891.

The section of Defendant's websites that offers a listing of truck drivers available for hire includes two drivers based in Michigan. Thus Defendant has accepted at least some business from Michigan residents. Other than the list of Michigan truck drivers, neither

9

party has indicated the number of Michigan fuel permits, trip permits, and incorporations Defendant has sold.

Defendant's websites advertise services to be used in Michigan and evidence having accepted some business from Michigan residents. The fuel permits, trip permits, and incorporation service show that Defendant reached out to Michigan. These services involve Defendant interacting with Michigan's state government which demonstrates a clear intent to do business in Michigan. Additionally, customers purchasing Michigan fuel and trip permits would actually operate in Michigan. The nature of this service signifies that Defendant purposefully availed itself of doing business in Michigan in a manner more significant than an internet firm that merely shipped goods to Michigan residents. The trip and fuel permits represent a service that can only be used in Michigan and is therefore uniquely directed at Michigan. *See, e.g.*, M.C.L. § 207.217 (providing for the issuance of trip permits for motor carriers operating on "public roads or highways in this state"). Also, as discussed above, incorporation of a trucking company in Michigan represents a specific intent to benefit from Michigan law.

Plaintiff has alleged sufficient facts to present a prima facie case that Defendant purposefully availed itself of the privilege of doing business in Michigan.

    2.    **Arising From**

The second part of the *Southern Machine* test requires that the cause of action arise from the defendant's activities in the forum. "'[T]he "arising from" requirement is satisfied

if the cause of action is "related to" or "connected with" the defendant's forum contacts.'" *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003) (quoting *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1091 n.2 (6th Cir. 1989)). The alleged copyright infringement was on the Defendant's websites and those same websites offered the Michigan fuel permits, trip permits, and incorporation services for sale. As the purpose of Defendant's websites is to sell Michigan fuel permits, trip permits, and incorporation services, along with services for other states, the alleged infringement is connected with Defendant's contacts with Michigan. Plaintiff has alleged sufficient facts to present a prima facie case that Plaintiff's claims arise from Defendant's contacts with Michigan.

### 3. Reasonableness

The third part of the *Southern Machine* test requires that "'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Youn*, 324 F.3d at 419 (quoting *S. Mach. Co.*, 401 F.2d at 381). "Generally, when considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including the following: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Intera Corp.*, 428 F.3d at 618 (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996)). "If prongs one and two of *Southern Machine* test are satisfied, then there is an inference that

the reasonableness prong is satisfied as well." *Id.* (citing *CompuServe*, 89 F.3d at 1268). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Defendant provides services that require it to interact with the State of Michigan by obtaining the permits that it resells and incorporating trucking companies in Michigan. The provision of these services all relate to the operation of trucking companies in Michigan. Additionally, Plaintiff is a Michigan corporation that is based in Michigan. In consideration of these facts Michigan has a strong interest in the resolution of this matter. Defendant notes that it is based in Georgia but it has not identified any unique burdens to which it would be subjected by litigating this lawsuit in Michigan. Also, Defendant has not identified any particular interest that Georgia would have in this lawsuit being litigated there. Therefore, Plaintiff has alleged sufficient facts to present a prima facie case that the exercise of jurisdiction over Defendant is reasonable.

IV.

Defendant moves to dismiss for improper venue pursuant Rule 12(b)(3). Title 28, section 1400(a) of the United States Code provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A

defendant "may be found" for purposes of § 1400(a) in any judicial district in which the defendant is subject to personal jurisdiction; however, each judicial district must be analyzed as if it were a separate state. *Milwaukee Concrete Studios v. Fjeld Mfg. Co.*, 8 F.3d 441, 446 (7th Cir. 1993); 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3819 (3d ed. 2007). *But see Bridgeport Music v. Agarita Music*, 182 F. Supp. 2d 653, 659 (M.D. Tenn. 2002) (noting that "[i]t is widely accepted that, for the purposes of [28 U.S.C. § 1400(a)], a defendant is 'found' wherever personal jurisdiction can be properly asserted against it."). Defendant is subject to personal jurisdiction in Michigan. *See supra* Part III. Defendant has not made any contention that the contacts creating personal jurisdiction in Michigan are limited to the Eastern District of Michigan. Additionally, a portion of Defendant's contacts with Michigan are its contacts with the State of Michigan and the state capital of Michigan is Lansing, which is in the Western District of Michigan. Thus, venue is proper as Defendant is subject to personal jurisdiction in this district.

Defendant also moves for a transfer of venue to Georgia. Title 28, section 1404(a) of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue the court must determine "(1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice,

and (3) whether a transfer would serve the parties' and witnesses' convenience." *IFL Group v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004). The moving party bears the burden of proof on a motion to transfer under § 1404(a). *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

There is no dispute that this lawsuit could have been brought in Georgia. Defendant contends that the interests of justice favor transfer to Georgia because Defendant is a "relatively small operation" such that travel to Michigan would impose a burden on Defendant. (Dkt. No. 13, Def. Br. 7.) Although this is a relevant consideration in assessing the "interests of justice," *Steelcase Inc.*, 336 F. Supp. 2d at 719, it is not sufficient to warrant transfer to Georgia. Defendant concedes that as to whether the transfer would serve the parties' and witnesses' convenience, the interests of Plaintiff and Defendant are in "equal balance." (Def. Br. 7.) Upon consideration of the three factors, the Court declines to transfer this lawsuit to Georgia.

V.

For the foregoing reasons, Defendant's motion to dismiss is denied. An order will be entered consistent with this opinion.

Date:   March 4, 2008              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE